# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2011 JUL 19  A 11: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MIKE KIRSCH and PAM KIRSCH,<br>    Plaintiffs, | )<br>)<br>) |
| vs. | )  CASE NO.: 2:11-cv-518<br>) |
| REVENUE MANAGEMENT SERVICE,<br>INC., IMMACULAWN, LLC, and<br>Fictitious Defendants "A", "B", "C",<br>"D", "E", "F", "G", "H", "I", and "J",<br>persons, corporations, firms or other<br>entities whose wrongful conduct<br>caused the injuries and damages to the<br>Plaintiffs, all of whose true and correct<br>names are unknown to the Plaintiffs at<br>this time, but will be added by<br>amendment when ascertained;<br>    Defendants. | )<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Mike Kirsch and Pam Kirsch, by and through undersigned counsel, file this Complaint against Defendants Revenue Management Service, Inc., Immaculawn, LLC, and fictitious defendants whose actions and wrongful conduct caused the injuries, violations, and damages, and states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C., §1331 and pursuant to 15 U.S.C., §1692k(d).

2. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C., §1692 et seq. ("FDCPA"), the Alabama Deceptive Trade Practices Act, Alabama Code 1975, §8-19-1 ("ADTPA") and state common law causes of actions by these Defendants, jointly and severally, in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here and the Defendants transact business here.

## PARTIES

4. Plaintiff Mike Kirsch ("Mike Kirsch") is a natural person who resides in the City of Montgomery, County of Montgomery, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C., §1692a(3).

5. Plaintiff Pam Kirsch ("Pam Kirsch") is a natural person who resides in the City of Montgomery, County of Montgomery, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C., §1692a(3).

6. Defendant Revenue Management Service, Inc., based on information and belief, is a corporation and organized and existing under the laws of Nevada with it's principle place of business being in the State of California.  Defendant Revenue

Management Service, Inc. engages in the business of debt collection and is a "debt collector" as that term is defined by 15 U.S.C., §1692a(6) conducting regular, systematic business in this Judicial District.

7.  Defendant Immaculawn, LLC, ("Immaculawn") is a business operating in the State of Alabama and, based on information and belief, doing business in this Judicial District.

8.  Fictitious Defendants "A", "B", "C", "D", "E", "F", "G", "H", "I", and "J", are persons, corporations, firms or other entities whose wrongful conduct caused the injuries, violations, and damages to the Plaintiffs, all of whose true and correct names are unknown to the Plaintiffs at this time, but will be added by amendment when ascertained.

## FACTUAL ALLEGATIONS

9.  In June of 2006, Plaintiffs Mike Kirsch and Pam Kirsch hired Immaculawn, LLC, for the purpose of lawn maintenance at their residence. For the times that their lawn was cut, they paid Immaculawn for the services. In September or October of 2006, the Plaintiffs instructed Immaculawn to discontinue cutting their lawn. Immaculawn continued to cut their grass even after the Plaintiffs had advised them that they no longer wished to have their services. The Plaintiffs were billed for services even after they advised that they no longer wished for Immaculawn to provide lawn care services. Subsequent to this, they received communication from

Revenue Management Service, Inc., alleging that a debt was owed for an account with Immaculawn in the amount of $2,390.59 and an account statement dated December 30, 2010.

10.  The December 30, 2010, statement from Revenue Management Service, Inc., does not provide the initial disclosure regarding a request to validate the obligation within thirty (30) days pursuant to Federal law.

11.  The Plaintiffs timely notified Revenue Management Service, Inc., that they disputed the obligation on January 5, 2010 (sic), which should have been January 5, 2011.  In said letter, they notified Revenue Management Service that they denied the charges and to forward any additional correspondence to The Anderson Law Firm, LLC.  Subsequent to this dispute of the account and notification for Revenue Management Service, Inc., to notify their counsel, Defendant forwarded correspondence to them listing a 72 hour notice, threatening additional legal action if the alleged due amount of $2,448.23 was not paid.  Since disputing the obligation, Revenue Management Service has threatened and harassed the Plaintiffs, trying to coerce them to pay a debt they do not owe.

12.  Defendant Revenue Management Service has made numerous telephone calls in violation of Federal law as to the collection of those debts.

13.  Even after notifying Revenue Management Service that all communications should be directed to their attorney, Revenue Management Service

still continued to harass and threaten legal action directly to the Plaintiffs, despite being informed that the Plaintiffs had retained counsel to dispute this debt.

14. All actions taken by employees, agents, servants, or representatives of any type for the named or fictitiously plead Defendants were taken in the line and scope of such individuals' (or entities') employment, agency or representation.

15. Defendants' intentional, reckless and wilful violations of the FDCPA, ADTPA, federal law and state law has proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment and humiliation which Plaintiff will in the future continue to suffer.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST REVENUE MANAGEMENT SERVICE, INC.

16. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

17. The Defendant Revenue Management Service, Inc., in this action fraudulently, improperly, and illegally attempted to collect on an amount that is not owed by Plaintiffs.

18. The Defendant's actions as described herein constitute violations of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. ,§§1692b, 1692d, 1692e, and 1692f, amongst others.

19.     As a result of Defendants', whether named or fictitiously described, violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C., §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C., §1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

A.      For an award of actual damages in an amount to be proven at trial pursuant to 15 U.S.C., §1692k(a)(1);

B.      For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A);

C.      For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C., §1692k(a)(3); and

D.      Any further and different relief as allowed by law.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST REVENUE MANAGEMENT SERVICE, INC.

20.     Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

21. The Defendants' actions as described herein constitute violations of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C., §§1692c, 1692d, 1692e, and 1692f, amongst others.

22. As a result of Defendants', whether named or fictitiously described, violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C., §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C., § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C., §1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

A. For an award of actual damages in an amount to be proven at trial pursuant to 15 U.S.C., § 1692k(a)(1);

B. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A);

C. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C., §1692k(a)(3); and

D. Any further and different relief as allowed by law.

## COUNT III

## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT AGAINST REVENUE MANAGEMENT SERVICE, INC.

23. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

24. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of service within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3.

25. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3, *et. seq.*, and in the course of business that is prohibited, unfair, and deceptive.

26. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiffs relied upon representation as being lawful, yet such conduct is prohibited.

27. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, whether named or fictitiously described herein:

A. For an award of actual damages in an amount to be proven at trial;

B. For an award of statutory damages;

C. For an award of costs of litigation and reasonable attorney's fees; and

D. Any and all other relief allowed by law.

## COUNT IV

### NEGLIGENT, RECKLESS, AND WANTON CONDUCT AGAINST REVENUE MANAGEMENT SERVICE, INC. AND IMMACULAWN, LLC

28. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

29. The named and fictitiously plead Defendants' acts, as described herein, were done so negligently and without care or concern for the well being of the Plaintiffs.

30. As a proximate consequence of Defendants' negligence, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

    A.    For actual damages;

    B.    For compensatory damages;

    C.    For punitive damages;

    D.    Costs and attorney's fees; and

    E.    Any and all other relief allowed by law.

## COUNT V

## HARASSMENT
## AGAINST REVENUE MANAGEMENT SERVICE, INC., AND IMMACULAWN, LLC

31. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

32. The named and fictitiously plead Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiffs' well being. Defendants' harassing collection tactics, and/or refusal to assure the accuracy of the information published regarding Plaintiffs, created a hostile environment for Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

    A.    For actual damages;

    B.    For compensatory damages;

    C.    For punitive damages;

    D.    Costs and attorney's fees; and

    E.    Any and all other relief allowed by law.

## COUNT VI

### INVASION OF PRIVACY
### AGAINST REVENUE MANAGEMENT SERVICE, INC., AND IMMACULAWN, LLC

33.    Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

34.    The named and fictitiously plead Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private life, publishes private facts regarding Plaintiffs and places Plaintiffs in a false light in the eyes of those to whom the publications are made.

35.    Defendants' actions were done so maliciously, without privilege, and with a willful intent to injure Plaintiffs.

36. As a proximate consequence of Defendants' invasion of Plaintiffs' privacy, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriately by this Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, whether named or fictitiously described herein:

A. For actual damages;

B. For compensatory damages;

C. For punitive damages;

D. Costs and attorney's fees; and

E. Any and all other relief allowed by law.

### COUNT VII

### DEFENDANTS' MISREPRESENTATION AGAINST REVENUE MANAGEMENT SERVICE, INC., AND IMMACULAWN, LLC

37. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

38. The named and fictitiously plead Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely

represented to others that Plaintiffs owe money to the Defendants.

39.     Defendants intend that those who review the public records of the Plaintiffs will rely upon the misrepresentations and suppressions of material fact related to the balance owed and a false credit card number is issued on the complaint.

40.     Defendants intended that the justifiable and reasonable reliance by others would adversely affect Plaintiffs.

41.     As a proximate consequence of Defendants' intentional misrepresentation, Plaintiffs have been caused to suffer severe emotional distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney fees, and any other and further relief deemed appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, named or fictitiously described therein:

A.     For actual damages;

B.     For compensatory damages;

C.     For punitive damages;

D.     Costs and attorney's fees; and

E.     Any and all other relief allowed by law.

## COUNT VIII

## DECLARATORY AND INJUNCTIVE RELIEF
## AGAINST REVENUE MANAGEMENT SERVICE, INC.,
## AND IMMACULAWN, LLC

42. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

43. A dispute exists as to whether the named and fictitiously plead Defendants have violated the FDCPA, ADTPA, federal law or state law.

44. Plaintiffs are entitled to declaratory relief in determining that the above referenced federal and state laws have been violated and that the Plaintiffs do not owe the debt that is the basis for this cause.

45. Plaintiffs are entitled to injunctive relief to enjoin the unlawful acts and the collection on the underlying alleged debt.

46. Plaintiffs are entitled to injunctive relief to determine that the obligation collected on by Plaintiffs is not owed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, whether named or fictitiously described herein:

A. Declaring that the FDCPA and the ADTPA have been violated;

B. Declaring that the Plaintiffs do not owe the underlying debt to Revenue Management Service, Inc., and Immaculawn, LLC;

C.  Enjoining the Defendants from the unlawful acts and the collection on the underlying alleged debt; and

D.  Any and all other relief allowed by law.

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY

_/s/ Richard F. Matthews, Jr._
**RICHARD F. MATTHEWS, JR.
(MAT048)** ASB-0240-D50M
**Attorney for Plaintiffs**
The Anderson Law Firm, LLC
7515 Halcyon Pointe Drive
Montgomery, Alabama 36117
Telephone: 334-272-9880
Facsimile: 334-272-2551
Email: rmatthews@theandersonlawfirm.com

**Please serve the Defendants by certified mail at the following address:**

Revenue Management Service, Inc.
c/o Corporate Service Center of California, Inc.
2001 Wilshire Blvd, Suite 505
Santa Monica, CA 90403

Immaculawn, LLC
c/o Richard D. Leger
1784 U S Highway 82
Matthews, AL 36052