IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MIKE KIRSCH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:11-cv-578-MEF |
| | ) | (WO - Do Not Publish) |
| REVENUE MANAGEMENT SERVICE, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On July 19, 2011, Plaintiffs filed a Complaint (Doc. #1) against Revenue Management Service, Inc. ("RMS"), Immaculawn, LLC ("Immaculawn"), Chris Chandler ("Chandler"), and Central Alabama Landscape and Irrigation, LLC ("CALI"). On November 2, 2011, Plaintiffs filed an Amended Complaint (Doc. #8) against the same defendants.

The Court will proceed as to each defendant as follows:

### **I. Immaculawn**

As of the date of this order, Immaculawn has been served and has appeared in the case (Docs. #6, 7). Immaculawn's answer was due on September 9, 2011 (Doc. #7), but no answer has been filed.

After the Plaintiffs responded (Doc. #11) to the Court's order to show cause as to why Plaintiffs' claims against RMS and Immaculawn should not be dismissed for failure to

1

prosecute (Doc. #10), Immaculawn filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. #12).

With its motion, Immaculawn submitted evidence that goes beyond what is contained in the pleadings (*see* Doc. #10, Exs. 1-2).  Therefore, as Plaintiffs point out (Doc. #16), in order for Immaculawn's Motion to Dismiss to be considered, the motion must be converted to a motion for summary judgment under Federal Rule of Civil Procedure 12(d).

In the interest of giving both parties "a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d), it is ORDERED that Immaculawn file a reply to Plaintiffs' response (Doc. #16) containing any additional evidence available in support of the arguments raised in its motion to dismiss (Doc. #10). **This reply will be due with the court by February 6, 2012**.  Plaintiffs may file a surreply containing any additional evidence in support of their position by **February 13, 2012.**

Additionally, in accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Immaculawn will be ordered to file an Answer or other pleading responsive to Plaintiffs' Amended Complaint (Doc. #8) **within fourteen days of the issuance of this order.**

## II.  RMS

Plaintiffs attempted to serve RMS via certified mail, return receipt requested, through its registered agent in California, Corporate Service Center of California ("CSC"), an artificial entity (Doc. #4).[1]  An individual identified as "Jim Carroll" signed for the certified

---

[1] The complaint alleges that CSC is "a corporation organized and existing under the laws of Nevada, with its principle place of business in California." (Doc. #8 at 2).

mail but failed to indicate whether he was the addressee or the agent of CSC (Doc. #4).

While CSC is listed as RMS's registered agent in the business entity records maintained by California's Secretary of State, the return receipt does not indicate whether "Jim Carroll" was authorized to accept service for CSC (Doc. # 4).[2]  RMS has not answered or otherwise made an appearance in this lawsuit.  On this record, it is unclear whether RMS has been properly served with process, in compliance with Federal Rule of Civil Procedure 4(h).[3]

Under these circumstances, it is within this Court's discretion to allow Plaintiffs additional time to perfect service upon RMS.  *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  The Court will grant Plaintiffs an additional sixty days to perfect service on RMS.  Within that time, Plaintiffs will be required to file a brief with a supporting affidavit indicating either that the service already attempted was

---

[2]  Additionally, it is not clear that it would not have been more appropriate for Plaintiffs to attempt to serve CSC in Nevada, its place of incorporation.  The Court leaves that issue to the Plaintiffs

[3]  Pursuant to Rule 4(h), a corporation, partnership or unincorporated association may be served with process "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1)(B).  Rule 4(h) also provides that service may be made in any manner prescribed by state law for serving a summons in an action brought in the courts of the state where the district court is located.  *See* Fed. R. Civ. P. 4(h)(1)(A).  Under Alabama rules, a plaintiff may perfect service "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process."  Ala. R. Civ. P. 4(c)(6).  Additionally, "[s]ervice on an artificial entity may be made by certified mail, but the addressee shall be a person described in the appropriate subdivision. . . . That is, the mailing must be addressed, not simply to the artificial entity, but to a human being affiliated with the entity as an officer, partner or agent as described in Rule 4(c)(6)."  *U.S. Bank Nat. Ass'n v. Turquoise Properties Gulf, Inc,* No. 10-0204-WS-N, 2010 WL 3155495 at *2 (S.D. Ala. Aug. 5, 2010).

properly effected, or that service has been properly effected since Plaintiffs' initial attempt.

### III.  Chandler and CALI

Defendants Chandler and CALI have not been served.  Plaintiffs' Response (Doc. #11) to this Court's Order to Show Cause (Doc. #10) indicates that Plaintiffs attempted to serve Defendants Chandler and CALI via certified mail, return receipt requested, but failed to effect proper service because "Defendants did not claim the mail." (Doc. #11, at 2).  For the reasons stated in Part II, *supra*, Plaintiffs' request to attempt to effect service on Chandler and CALI via special process server (Doc. #11, at 2) will be granted and Plaintiffs will be given **an additional sixty days** to perfect service on Chandler and CALI.

> For the reasons discussed above, it is hereby ORDERED that:
>
> 1) Defendant Immaculawn FILE AN ANSWER OR OTHER PLEADING responsive to Plaintiffs' Amended Complaint (Doc. #8) **on or before February 13, 2012.**
>
> 2) Defendant Immaculawn's Motion to Dismiss for Failure to State a Claim (Doc. #12) be CONVERTED TO A MOTION FOR SUMMARY JUDGMENT;
>
> 3) Defendant Immaculawn REPLY to Plaintiffs' Response to Motion to Dismiss for Failure to State a Claim (Doc. #16),[4] **on or before February 6, 2012;**

---

[4]  As noted above, Docket Entry #12 has been converted to a motion for summary judgment.  The Court here continues to refer to Docket Entry #16 as a Response to a Motion to Dismiss so that Defendant Immaculawn may know exactly what document it is being ordered to reply to.

4) Plaintiffs file any surreply **on or before February 13, 2012;**

5) Plaintiffs FILE A BRIEF AND AFFIDAVIT showing perfected service on Defendant Revenue Management Service **by March 26, 2012**;

6) Plaintiffs PERFECT SERVICE, by special process server, on Defendants Chris Chandler and Central Alabama Landscaping, Inc., on or before **March 26, 2012.** Plaintiffs shall submit affidavits to the Court to indicate that these Defendants have been properly served. If plaintiffs fail to do so, these Defendants will be dismissed without prejudice.

DONE this the 31st day of January, 2012.

                                                           /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE